## WILSON v. WHITE.—102 S. W. (2d) 531.

Middle Section.  November 7, 1936.

Petition for Certiorari denied by Supreme Court, February 13, 1937.

Garnett S. Andrews, of Nashville, for plaintiff in error Wilson.

C. M. Lackey and Joe Gray, both of Nashville, for defendant in error, White.

CROWNOVER, J. This is an action to recover damages to the plaintiff's crop of vegetables committed by the defendant's cattle and mules.

The action was begun before a justice of the peace where judgment was rendered for the defendant and the plaintiff's suit was dismissed. On appeal to the circuit court of Davidson county the case was tried by the judge without a jury and judgment was rendered in favor of the plaintiff and against the defendant for $39.15. The trial court was properly requested to find the facts in writing as provided by statute, Code. section 8811, which was done.

Motion for a new trial having been overruled, the defendant appealed in error to this court and has assigned errors as follows:

"(1) There were no findings of fact to support the judgment of the circuit court.

"(2) The facts as found by the circuit judge preponderate against the court's judgment."

The facts as found by the trial judge are as follows:

The truck garden of G. B. White was damaged in the spring and again in the fall of 1934 by two mules and a bull belonging to the defendant, R. M. Wilson.

Wilson's premises were properly fenced and his fences and gates were in proper condition.

On one night in the spring of 1934, an automobile traveling along the highway ran into and tore down a part of Wilson's fence. Two of Wilson's mules escaped, without the knowledge of Wilson or his servants, and trespassed upon White's garden injuring and destroying a quantity of vegetables, of the value of $31.50.

In the early fall of 1934, a young bull belonging to Wilson got out of his pasture in some manner, although the fences were in good

repair and the gates shut, and trespassed upon White's garden destroying some vegetables and damaging a hay stack, to the amount of $6.65. Neither Wilson nor his servants knew that the bull had gotten out.

In December, 1934, the bull again got out, although the fences were in good repair and the gates shut, but damaged nothing.

Neither the mules nor the bull had ever gotten off of Wilson's premises before this.

No bill of exceptions was preserved, and none was necessary. Citizens' Nat. Life Ins. Co. v. Witherspoon, 127 Tenn., 363, 155 S. W., 139.

1. The defendant in error, White (the plaintiff below), contends that the errors assigned in this court raise different questions from those assigned in the defendant's (Wilson's) motion for a new trial. But we are of the opinion that the errors are sufficient to raise the only determinative proposition—the facts found show that the defendant (Wilson) was not guilty of negligence, therefore he is not liable in damages.

The assignment of error that "there were no findings of fact to support the judgment" is the same as "there is no evidence to support the judgment." In the condition of the record in this court, there being merely a finding of facts by the lower court, it is proper to phrase the assignment of error so as to make it state that there were no findings of fact to support the judgment.

2. There are no facts to support the judgment, as the defendant was guilty of no negligence.

The running of cattle at large in certain counties is prohibited by statute in Tennessee, by Acts of 1899, c. 23, which is as follows:

"Section 1. Be it enacted by the General Assembly of the State of Tennessee, That in all counties in this state having a population of 59,000 or more, under the federal census of 1890, or that may have a population of 59,000 or more under any subsequent federal census, it shall be unlawful for any owner of any horse, cow, sheep, goat or hog, or any other live stock, knowingly to permit the same to run at large within the limits of such counties within this state; Provided, however, That it shall not be unlawful to use unfenced land in such counties (the owners of such lands not objecting), for summer range, if the live stock be placed under the care of a herdsman.

"Sec. 2. Be it further enacted, That the owner of live stock mentioned or included in section 1 of this act shall be liable for all damages done to the property of other persons, while any of said stock may be running at large in said counties."

This act was amended by Acts of 1901, c. 114, to include counties having a population of 72,000 or more under the federal census of 1890 or any subsequent federal census.

It will be observed that the first section of the above statute describes the circumstances under which the owner may be rendered liable, that is, "it shall be unlawful for any owner . . . knowingly to permit the same to run at large," etc., and the second section states that "the owner of live stock mentioned or included in section 1 of said act shall be liable," etc., showing that knowingly permitting them to run at large is the gravamen of the action.

The trial judge found that Wilson was not guilty of any negligence, and that the cattle and mules escaped without his knowledge and in spite of the fact that his fences and gates were in good condition and in proper repair.

Under the common law the owner of cattle was bound, at his peril, to keep them off of the land of other persons, and was liable for any damage done by them whether he was guilty of negligence in permitting their escape from his premises or not. 3 C. J. S., Animals, p. 1291, section 185; 2 Am. Jur. p. 768, section 103. But this law was abolished by statute in Tennessee more than one hundred years ago, and owners of lands are required to fence it, and live stock is permitted to run at large. This is now the general law in Tennessee. Code, sections 5202 to 5227. But by statute live stock is prohibited from running at large in certain counties, as hereinabove shown.

Statutes prohibiting the running at large of animals restore the common-law rule so that the owner of animals is liable for their trespasses if they are running at large by reason of his negligence; but he is not liable for such trespasses if without his fault the animals have escaped from a pasture inclosed by a lawful fence, or by an ordinary fence such as is generally required to restrain that kind of stock. 3 Corpus Juris Secundum, Animals, p. 1294, section 185 (d).

There is nothing expressly said in the finding of facts as to whether the defendant's fence was a lawful fence, but we may fairly assume that it was, as the trial court found that "the fences enclosing the stock were all in good condition and proper repair," and the defendant was guilty of no negligence; hence, the first assignment of error must be sustained.

3. There is nothing in the plaintiff in error's contention that there is no plea in the record. The proceedings before a justice of the peace are ore tenus, and all pleas before justices of the peace and in suits originating before them and carried to higher tribunals are ore tenus, except pleas which are required to be under oath, and we must assume that the issues were properly joined ore tenus. Sullivan v. Tigert. 1 Tenn. App., 262, 265.

The defendant being guilty of no negligence, and the first assignment of error having been sustained, it results that the judgment of the lower court is reversed and the case is dismissed. The costs

608

of the cause including the costs of the appeal are adjudged against G. B. White.

Faw, P. J., and DeWitt, J., concur.