W. E. OVERBEY, Petitioner-Plaintiff,

*v.*

G. E. POTEAT, Respondent-Defendant.

(*Nashville,* December Term, 1959.)

Opinion filed February 5, 1960.

HENDERSON & HENDERSON, Franklin, for petitioner.

COURTNEY, COVINGTON & COURTNEY, Franklin, for respondent.

Mr. Justice Swepston delivered the opinion of the Court.

We granted certiorari in this case for reasons which will hereinafter appear.

The petitioner Overbey commenced this suit in the Sessions Court of Williamson County against the respondent Poteat to recover damages to his automobile, resulting from a collision between plaintiff's automobile and a black Angus steer owned by the defendant which was loose on the highway. There was a judgment in favor of the defendant in the Sessions Court, the Circuit Court and in the Court of Appeals successively. The Circuit Judge tried the case without the intervention of a jury and filed a full memorandum opinion in which he held that the uncontroverted evidence showed (1) that the defendant was not guilty of actionable negligence and (2) that the plaintiff was guilty of contributory negligence and barred his recovery.

The Court of Appeals held that a judgment of the trial court, without a jury, is presumed to be correct in the Court of Appeals, "unless the preponderance of the evidence is otherwise." T.C.A. sec. 27-303. It was then held that the evidence did not preponderate against the correctness of the judgment of the Circuit Court on either question and hence, the judgment was affirmed.

There are three assignments of error to the action of the Court of Appeals. In the first assignment of error,

it is insisted that there is no question of the preponderance of the evidence, because the uncontradicted evidence showed that the defendant did not have sufficient fences to restrain the stock which they enclosed.

Under the second assignment of error, it is insisted that the Court of Appeals erred in holding that the defendant exercised ordinary care in the maintenance of his fences and in his effort to keep his cattle within the enclosure, and in holding that this was a sufficient compliance with the law on his part, it being further repeated that according to defendant's own admissions, his fences were insufficient to restrain the cattle and keep them off the highway.

The third assignment repeats that there is no question of the preponderance of the evidence, because the uncontradicted evidence shows that the plaintiff was not guilty of contributory negligence.

It may be well at this point to recall that findings of the ultimate facts, whether based on conflicting evidence, or on uncontroverted evidence, if concurred in by the trial court and the Court of Appeals, and if supported by any material evidence, are not subject to review in the Supreme Court; conclusions of law based on those findings of fact are, however, open for review in this Court. *Ins. Co. of North America v. East Tenn. V. & G. Ry. Co.,* 97 Tenn. 326, 37 S.W. 225; *Martin v. McCrary,* 115 Tenn. 316, 89 S.W. 324, 1 L.R.A.,N.S., 530; *Moore v. Cincinnati, N. O. & T. P. Ry. Co.,* 148 Tenn. 561, 256 S.W. 876 (W. C. Case); *King v. Buckeye Cotton Oil Co.,* 155 Tenn. 491, 296 S.W. 3, 53 A.L.R. 1086 (W.C. case).

■ Now, the evidence in this case is as follows: Defendant is the owner of a farm near Franklin in Williamson County, Tennessee. It is located on Hillsboro Road, one of the main roads leading from Franklin to Nashville and the same has a blacktop surface. There is a pasture field on this farm which adjoins this highway where defendant keeps his cattle. The field is enclosed by a standard fence 46" high made of woven wire with a strand of barbed wire along the top. This is a regular cattle fence and has kept defendant's cattle enclosed for 14 years, except 3 or 4 times when they broke through it and got out of the pasture. The posts were in good shape. Defendant testified that no fence will hold large steers when they take a notion to go through and that this steer was a large one weighing about 1200 lbs.

About 9:00 o'clock in the evening of December 15, 1957, the cattle in this field broke through the said fence and this steer went up on the highway where plaintiff's automobile collided with it.

There is nothing in the record to show that the steer in question or the other cattle in the field were vicious or required special attention. The owner testified that he knew nothing about the escape of the cattle from the field until he heard about the accident but that they seemed to strike the fence near the top and went right on through.

We agree with the legal conclusion of both lower courts that the defendant maintained a lawful fence as defined in T.C.A. sec. 44-1702 and that defendant was not guilty of negligence in failing to maintain a proper fence; it was not only a lawful fence but it was the ordinary fence

such as is generally required and used to restrain cattle. *Wilson v. White,* 20 Tenn.App. 604, 102 S.W.2d 531.

That opinion was written in 1936, which was before the enactment of the Code Section T.C.A. sec. 44-1401, which provides that "it shall be unlawful for the owners of any livestock, as the same are commonly known or defined, to wilfully allow the same to run at large in this state." (This latter statute was not mentioned in the opinion of the Court of Appeals but apparently the author of the opinion had the same in mind.)

That case is applicable to the above Code Section, however, which is Public Acts of 1947, Ch. 52. That case was dealing with the Public Acts of 1899, Ch. 23, the purpose of which was to abolish the necessity of fencing against other people's cattle in certain populous counties and it was made unlawful to *knowingly* allow cattle to run at large in the areas to which it applied. Of course, at common law every man was bound at his own peril to keep his cattle off the land of others and was liable for. any damage done by them whether or not he was negligent in permitting their escape from his premises—a rule of absolute liability. That rule was abolished in Tennessee more than 100 years ago by statutes requiring planters to fence against the livestock of others running at large. In dealing with this 1899 statute, the Court said [20 Tenn.App. 604, 102 S.W.2d 533]:

"Statutes prohibiting the running at large of animals restore the common-law rule so that the owner of animals is liable for their trespasses if they are running at large by reason of his negligence; but he is not liable for trespasses if without his fault the animals have escaped from a pasture inclosed by a lawful fence,

or by an ordinary fence such as is generally required to restrain that kind of stock. 3 C.J.S. Animals p. 1294, sec. 185(d)."

An interesting discussion of this matter will be found in 25 T.L.R., 478, 479. See also 20 T.L.R., 374.

Attention should be called to the fact that there is a difference in the facts between the above cited case and the instant case in that the damage was done not on a highway but on the private field of another. We think that makes no difference, however, in view of our statute. In the above cited article in 25 T.L.R., attention is called to the fact that the Act of 1899, supra, contained a statement that it was to prevent the necessity of fencing by planters, whereas the 1947 Act does not mention fencing and the suggestion is made that the real reason for the 1947 Act was to prevent animals from straying onto the highway.

It is our opinion that the Act is designed to cover both the private property of others as well as highways, and the purpose is to prevent domestic animals from straying anywhere on account of the negligence or wilful conduct of the owner. The above article poses the exact question that we have in this case on page 480 first full paragraph, with reference to relative rights of a motorist on a highway. Inspection of same shows that in the Restatement of Torts, Sec. 518, the rule now is not one of absolute liability but depends upon failure to exercise reasonable care to confine or otherwise control the animal and secondly, that the harm is of a sort which it is normal for animals of its class to do.

We have dwelt at length on this question, because in the brief and argument of the plaintiff, in addition to

the insistence that the defendant was negligent, it is urged that the Court declare the common law rule restored by the enactment of our present "no fence law".

We, therefore, affirm the judgment of the Court of Appeals and hold that T.C.A. sec. 44-1401 makes the owner of escaping animals liable only where he knowingly or negligently permits their escape. Hence, the first two assignments are overruled.

In view of our holding that we do not think the defendant was guilty of negligence, it becomes unnecessary to discuss the question of contributory negligence.

The judgment of the Court of Appeals is affirmed.