**Hugh Beale RODGERS, Plaintiff,**

v.

**Bill WEBB, Defendant.**

**Civ. A. No. 2721.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

Dec. 30, 1971.

Wendal Jackson, Bristol, Tenn., for plaintiff.

N. R. Coleman, Greeneville, Tenn., for defendant.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

This is a diversity action, 28 U.S.C. § 1332(a) (1), emanating from a collision on a Tennessee highway between the automobile of the plaintiff Mr. Rodgers and a horse owned by the defendant Mr. Webb. The defendant has moved for a partial summary judgment, Rule 56(b), Federal Rules of Civil Procedure, claiming that T.C.A. §§ 44–1703, 44–1704, 44–1705, relied on by the plaintiff, are not applicable, as matters of law, to the plaintiff's claim.

■ These statutes were not intended solely for the protection of landowners who fenced their property in accordance therewith and to give the landowners a remedy if such lawfully-fenced property was damaged by open-ranging animals, as contended by the defendant. " * * * [T]he purpose is to prevent domestic animals from straying anywhere on account of the negligence or wilful conduct of the owner. * * *" Overbey v. Poteat (1960), 206 Tenn. 146, 332 S.W.2d 197, 200 [4]. These statutes describe what constitutes a lawful fence for such consideration.

■ The plaintiff moves the Court to supplement the pretrial order, so as to allow him to rely also on T.C.A. § 44–1401. The Court believes there is good and sufficient reason so to do, Case v. Abrams, C.A. 10th (1965), 352 F.2d 193,

195–196 [3, 4], and hereby allows such amendment. He moves the Court also to allow him to rely additionally on the doctrine of *res ipsa loquitur*. This latter motion is without merit and hereby is denied. T.C.A. § 44–1401, *supra*, makes the owner of escaping animals liable where he negligently or knowingly permits their escape. Overbey v. Poteat, *supra*, 332 S.W.2d at 200 [4]. He is not liable, if, without his fault, the animals have escaped from a pasture enclosed by a lawful fence or by an ordinary fence such as is generally required to restrain that kind of livestock. Moon v. Johnston, C.A.Tenn. (1959), 47 Tenn. App. 208, 337 S.W.2d 464, 469 [11], certiorari denied (1960). It is the opinion of this Court that the doctrine of *res ipsa loquitur* does not apply to actions of this nature. *Cf. ibid.*, 337 S.W.2d at 470.

■ What has been said is dispositive also of the defendant's motion for a partial summary judgment, *i. e.*, any evidence of his violation of T.C.A. §§ 44–1703, 44–1704, 44–1705, will not constitute negligence *per se*, and his liability will be determined under the rule of Moon v. Johnston, *supra*.