# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
April 2003 Session

## ALPHA M. SHERIFF v. PREFERRED ALTERNATIVE TENNESSEE, INC.

**Appeal from the Circuit Court for Davidson County**
**No. 01C-3867     Carol Solomon, Judge**

---

**No. M2002-01282-COA-R3-CV - Filed July 25, 2003**

---

This matter originated in the General Sessions Court of Davidson County. A judgment against the Appellant in the amount of fifteen hundred dollars ($1500.00) was awarded to the Appellee. An appeal was made to the Circuit Court of Davidson County and the matter tried de novo. The Circuit Court of Davidson County apparently applied theories founded in the law of negligence and also entered judgment against the Appellant in the amount of fifteen hundred ($1500.00) dollars . We find the learned trial judge erred in applying negligence theory to the facts of this case but nevertheless affirm the judgment of the trial court

### Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed

WILLIAM CHARLES LEE, Sp. J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S. and WILLIAM B. CAIN, J., joined.

Elizabeth H. Foss and James Campbell Bradshaw, Nashville, Tennessee for the Appellant, Perferred Alternative Tennessee, Inc.

Lucien Dale, Nashville, Tennessee for Appellee, Alpha M. Sheriff

### OPINION

The Appellee, Alpha M. Sheriff,  was employed by the Appellant, Preferred Alternative Tennessee, Inc ( hereinafter referred to as Preferred), as an at will employee. Mr. Sheriff's primary duties involved the care of mentally challenged persons at their residence. He was expected to provide his own transportation to the residence of Preferred's clients. Preferred provided training to Mr. Sheriff. Since some of Preferred's clients were prone to violence, part of Mr. Sheriff's training was to contact his supervisors in the event that some incident occurred which may involve police intervention prior to contacting the police. The rationale for these instructions was based on the therapeutic needs of Preferred's clients.

On April 27, 2001, Mr. Sheriff and another Preferred employee were attending to one of Preferred's clients during the course of their employment. The client had a history of violent tendencies which were known to both Mr. Sheriff and Preferred. The client deliberately struck Mr. Sheriff's truck apparently with his fists reducing the value of the truck by fifteen hundred ($1500.00) dollars. Mr. Sheriff followed the instructions of his employer and called his supervisor rather than the police. The supervisor was Mr. Jim Elliott. Mr. Elliott is also the vice-president of Preferred.

Representatives of Preferred, including Mr. Elliott, went to the scene of the damaged truck. Apparently, Mr. Elliott did not inspect the truck closely and was unaware of the total extent of the damage. Nonetheless, Mr. Elliott informed Mr. Sheriff that Preferred would "take care of the truck." The police were not called and no report was made to any law enforcement agency. Mr. Sheriff did not report the incident to his insurance company.

Approximately two weeks after the incident, Mr. Sheriff presented an estimate to Mr. Elliott and requested payment from Preferred. Mr. Elliott refused and instructed Mr. Sheriff to call the police and backdate the incident. Mr. Sheriff informed Mr. Elliott that he could not do so as a delayed report would "reflect my insurance."

It is not disputed that a police report was not made at the time of the incident as a result of the policies and instructions of Preferred. Further, it is not disputed that Mr. Elliott offered to compensate Mr. Sheriff for the damage to his truck. At trial, Mr. Elliott testified that it was his intent to pay Mr. Sheriff an amount up to Mr. Sheriff's insurance deductible but he could not remember if he had communicated this to Mr. Sheriff.

This matter was first tried in the General Sessions Court and judgment awarded to Mr. Sheriff. A appeal de novo was taken. No other pleadings were filed or discovery had after the appeal was filed in the Circuit Court. Practically speaking, the Circuit Judge merely assumed the same role as the magistrate in General Sessions Court except that a record was kept.

At the conclusion of the trial of this matter the trial judge made very limited findings. Included in those findings were that "he [Mr. Elliott] assumed responsibility of the damage" and that a delayed report to Mr. Sheriff's insurance company was not made "because his insurance would in fact go up."[1] Unfortunately, the trial judge went on to find "the company was negligent in failing to protect Mr. Sheriff"(emphasis added).

_____

[1] The factual findings of the Trial Court are accorded a presumption of correctness, and we will not overturn those factual findings unless the evidence preponderates against them. See Tenn. R. App. P. 13(d); Bogan v. Bogan, 60 S.W.3d 721, 727 (Tenn. 2001). With respect to legal issues, our review is conducted "under a pure de novo standard of review, according no deference to the conclusions of law made by the lower courts." Southern Constructors, Inc. v. Loudon County Bd. Of Educ., 58 S.W.3d 706, 710 (Tenn. 2001).

We believe the trial judge erred in finding that the Appellee's action is predicated on a claim of negligence. The Appellee failed to establish a duty owed nor a breach of that duty by the Appellant.[2]

Ordinarily, our inquiry would end at this point. However, since this matter began in General Sessions Court and no limits have been placed on the Appellant through discovery as to which theory he is pursuing, we must examine the record to determine if other theories were pled either in writing or orally. Then we must determine if the facts support the theory.

The Appellant asserts there is no duty of the court to create a claim that the pleader does not spell out in his complaint citing Donaldson v. Donaldson, 557 S.W. 2d, 60, 61 (Tenn. 1977). Donaldson is clearly distinguishable from the facts of this case. Donaldson involved a case that originated in the Circuit Court. The matter before the court today originated in the General Sessions Court. We believe the trial court as well as this court is bound by Tennessee Code Annotated Section 16-15-729 which reads in pertinent part as follows:

> No civil case, originating in a General Sessions Court and carried to a higher court, shall be dismissed by such court for any informality whatever, but shall be tried on its merits; and the court shall allow all amendments in the form of action, the parties thereto, or the statement of the cause of action, necessary to reach the merits, upon such terms as may be deemed just and proper (emphasis added). Accord: Ware v. Meharry Medical College, 898 S.W.2d 181 (Tenn. 1995).

The law has long been that litigants in General Sessions Courts may plead their cases orally without filing written pleadings. Spencer v. Dixie Fin. Co., 205 Tenn. at 489, 327 S.W.2d at 302-03; Wilson v. White, 20 Tenn. App. 604, 607, 102 S.W.2d 531, 534 (1936). Indeed, it may be argued that cases originating in general sessions court may be pled on the facts alone without reference to specific causes of actions. "And that which in a court of record may be done by proper pleading and proof may, as a general rule, be done before a justice of the peace by the production of the proof alone." Wood v. Hancock, 23 Tenn. (4 Hum.) 465, 466-67 (1844) (emphasis added).

These ancient propositions of law have not been changed by modern rule. Even though the Tennessee Rules of Civil Procedure apply to General Sessions cases appealed to the Circuit Court, see Tenn. R. Civ. P. 1, the parties are not required to file formal pleadings. Vinson v. Mills, 530 S.W.2d 761, 765 (Tenn. 1975).

We have reviewed the record and find the Appellee orally pled principles of contract. In examining Mr Elliott concerning the details of Preferred's offer to repair Mr. Sheriff's truck, trial counsel clearly indicated his purpose was to establish this to be "[P]art of a contract."

---

[2] Counsel for the Appellee apparently agrees since he conceded in oral argument the merits of his opponent's position and withdrew this claim.

We will now examine the proof to determine if the Appellee has proven his cause of action.

A contract is defined as an agreement, upon sufficient consideration, to do or not to do a particular thing. Smith v. Pickwick Electric Cooperative, 212 Tenn. 62, 71-72, 367 S.W.2d 775, 780 (1963) (citing Furman, Green & Co. v. Nichol, 43 Tenn. 432, 445 (1866)). A party attempting to prove the existence of a contract "is required to show that the agreement on which he relies was supported by adequate consideration..." Price v. Mercury Supply Co., 682 S.W.2d 924, 933 (Tenn. Ct. App. 1984). "In all simple contracts ... whether written or verbal, the consideration must be averred and proved." Clark v. Small, 14 Tenn. (6 Yer.) 417, 418 (1834). See also 17 Am. Jur. 2d Contracts § 125 (1965); 17 C.J.S. Contracts § 116 (1963).

Clearly there was an agreement by Preferred to repair Mr. Sheriff's vehicle. However, no consideration for this agreement is apparent. In cases in which there is an absence of consideration between the parties so that there is no valid contract, detrimental reliance "constitutes a substitute for consideration, or a sufficient reason for enforcement of the promise without consideration." Alden v. Presley, 637 S.W.2d 862, 864 (Tenn. 1982) .

The trial judge concluded that Mr. Sheriff relied on Mr Elliott's promise to repair his truck and in doing so failed to file a police report and a claim with his own insurance company to his detriment. The evidence supports these conclusions. Accordingly, we affirm the judgment of the trial court.

_____
WILLIAM CHARLES LEE,
SPECIAL JUDGE