IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 1, 2021

**RICHARD L. BRANSON, JR., ET AL. v. WAYNE RUCKER, ET AL.**

**Appeal from the Circuit Court for Union County**
**No. 3620          John D. McAfee, Judge**
_____

**No. E2020-01382-COA-R3-CV**
_____

In this action involving a collision between an automobile and a bull that escaped its enclosure and entered the roadway, the trial court granted summary judgment in favor of one of the defendants, who had maintained a leasehold interest in the property from which the bull escaped. The trial court determined that no genuine issues of material fact were in dispute and that the defendant was entitled to judgment as a matter of law because the plaintiffs had failed to show that the defendant owned the bull in question and because the defendant had terminated the lease before the accident occurred. The plaintiffs have appealed. Discerning no reversible error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed; Case Remanded**

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which W. NEAL MCBRAYER and KENNY W. ARMSTRONG, JJ., joined.

Glen B. Rutherford, Knoxville, Tennessee, for the appellants, Richard L. Branson, Jr., and Suzanne M. Branson.

Jon M. Cope, Knoxville, Tennessee, for the appellee, Jerry Atkins.

**OPINION**

**I. Factual and Procedural Background**

On October 10, 2018, the plaintiffs, Richard L. Branson, Jr., and his wife, Suzanne M. Branson, filed a complaint in the Union County Circuit Court ("trial court") against Wayne and Evelyn Rucker, Justin Hurst, and "John Doe." The Bransons averred that on November 19, 2017, they were traveling west on Highway 61 East in Union County,

Tennessee, when their vehicle struck a bull that had escaped from nearby property owned by the Ruckers. The Bransons alleged that Mr. Hurst owned the cattle on the Ruckers' property, including the bull in question, and that a tenant, whose identity was unknown, was believed to have leased the property.

The Bransons claimed that they had learned following the collision that cattle had escaped from the subject property on at least two prior occasions. The Bransons alleged that all of the defendants were grossly negligent in failing to provide adequate fencing to contain the cattle, especially with knowledge of the prior escapes. The Bransons further alleged that Mr. Branson sustained injuries in the automobile accident that were caused by the defendants' negligence and that Ms. Branson had been injured by the loss of her husband's services. The Bransons accordingly sought $525,000 in compensatory damages.

The Ruckers filed an answer on November 7, 2018, acknowledging that they owned the property in question but stating that they had leased said property to Jerry Atkins, who had purportedly allowed Mr. Hurst to place cattle thereon. The Ruckers asserted that pursuant to their written lease with Mr. Atkins, he was responsible for keeping the fencing in good repair. The Ruckers claimed that they had been informed by Mr. Hurst following the accident that an unknown trespasser had cut the fence, allowing the bull to escape. The Ruckers denied having any prior knowledge of an issue with the fence and accordingly denied any negligence on their part. As an affirmative defense, the Ruckers asserted the comparative fault of Mr. Branson for failing to keep a proper lookout, failing to keep his vehicle under control, and operating his vehicle at an unsafe speed.

On December 31, 2018, the Bransons filed an amended complaint naming Jerry Atkins as a party defendant in place of "John Doe." Mr. Atkins filed an answer on February 11, 2019, acknowledging that Justin Hurst "was in control of and had certain cattle located on the subject property during the relevant time." Mr. Atkins asserted that the Bransons' amended complaint failed to state a claim upon which relief could be granted because he had no ownership, leasehold interest, or control of the subject property during the relevant time period. Mr. Atkins averred that Mr. Hurst was the actual lessee of the property and the owner of the cattle. Mr. Atkins also alleged comparative fault on the part of Mr. Branson and the other defendants and relied upon the applicable statute of limitations. The Ruckers likewise filed an answer to the amended complaint, incorporating their original answer by reference.

On May 13, 2019, the Ruckers filed a motion for summary judgment. They concomitantly filed a statement of undisputed material facts, acknowledging that they owned the subject property and averring that the property was enclosed by fencing appropriate for containing cattle. The Ruckers stated that they had leased the property to Mr. Atkins on December 24, 2014, and that he had been thereafter responsible for

keeping the fencing in good repair. Although the Ruckers claimed that the lease was still in effect at the time of the accident, they acknowledged that Mr. Atkins had agreed to allow Mr. Hurst to keep cattle on the property by that time. According to the Ruckers, Mr. Hurst had informed Mr. Rucker in late December 2017 that an unknown third party had cut the fence and allowed a bull to escape. The Ruckers stated that they were unaware of any prior instances of cattle escaping from the fencing. In support, the Ruckers attached an affidavit executed by Mr. Rucker and a copy of the lease agreement with Mr. Atkins.

On June 25, 2019, Mr. Atkins filed a motion for summary judgment, accompanied by his affidavit and an affidavit executed by Mr. Rucker that was identical to the one filed with the Ruckers' summary judgment motion. In his affidavit, Mr. Atkins stated that he had terminated the lease agreement with the Ruckers in October 2017, prior to the subject accident, and removed his cattle from the property. Mr. Atkins stated that he understood that Mr. Rucker was going to lease the property to Mr. Hurst at that time; Mr. Atkins averred that he did not sublease the property to Mr. Hurst. Mr. Atkins claimed that he had not owned a bull since 2016 and further that he owned no cattle on the property after Mr. Hurst placed his cattle thereon. According to Mr. Atkins, he never knew of any problem with the fencing on the property or cattle escaping until after the subject accident. Mr. Atkins also filed a statement of undisputed material facts containing the same factual assertions.

On July 25, 2019, Mr. Hurst filed an answer to the amended complaint. Mr. Hurst stated that at the time of the accident, he had no leasehold interest in the subject property but had entered into an oral agreement with Mr. Atkins to place cattle on the property. However, Mr. Hurst claimed that he had not placed any cattle on the property before the accident. Mr. Hurst therefore denied liability. On November 1, 2019, Ms. Rucker filed a notice of suggestion of death, stating that Mr. Rucker had died on October 21, 2019. The Bransons filed a similar suggestion of death concerning Mr. Rucker on December 23, 2019.

On August 7, 2020, over a year after the motions for summary judgment were filed, the Bransons filed a motion seeking additional time to respond to the motions for summary judgment. The Bransons averred that the parties had engaged in discovery during the months following the filing of the summary judgment motions, followed by unsuccessful mediation on July 14, 2020. The Bransons stated that counsel for the defendants had then set their motions to be heard on August 20, 2020, after the mediation attempt failed. The Bransons asserted that they had recently been provided with an affidavit executed by Timothy Jones, a neighboring landowner who contradicted some of the statements by the defendants. Accordingly, the Bransons stated their desire to take Mr. Jones's deposition before the trial court heard the summary judgment motions. The Bransons further related ongoing attempts to determine whether the defendants maintained an insurance policy on the subject property that might provide coverage.

Mr. Atkins filed a response in opposition to a grant of additional time to the Bransons, claiming that discovery depositions of the parties had been completed over ten months prior. Mr. Atkins further claimed that the defendants had agreed to delay setting the motions for hearing until mediation could be conducted, which had been accomplished on July 14, 2020.

Mr. Atkins acknowledged that pursuant to Tennessee Rule of Civil Procedure 56.07, a party could request additional time to obtain affidavits or take depositions so long as the party opposing the motion presented reasons for needing additional time by affidavit. Mr. Atkins pointed out that neither the Bransons nor their counsel had filed such an affidavit. In addition, Mr. Atkins noted that the Bransons in their motion had admitted that they were already in possession of an affidavit from Mr. Jones. According to Mr. Atkins, the Bransons had been in possession of such affidavit since July 2019, as evinced by the fact that the affidavit was notarized by the Bransons' counsel on July 23, 2019. Mr. Atkins attached a copy of Mr. Jones's affidavit, demonstrating that it was notarized by the Bransons' counsel as stated. The Ruckers subsequently filed a response in opposition to the grant of additional time, adopting Mr. Atkins's response.

On September 10, 2020, the trial court entered an order denying the Bransons' motion for additional time, noting that the summary judgment motions had been pending for more than one year. In its order, the trial court granted summary judgment in favor of the Ruckers and Mr. Atkins, determining that no genuine issues of material fact were in dispute. The trial court found that it was undisputed that Mr. Atkins had terminated the lease and removed his cattle from the subject property before the date of the accident, such that he owed no duty to the Bransons. The court also found that the Ruckers had leased the property and also owed no duty to the Bransons. The court therefore granted the Ruckers' and Mr. Atkins's motions for summary judgment, dismissing the Bransons' claims against them with prejudice. The court certified its judgment as final pursuant to Tennessee Rule of Civil Procedure 54.02. The Bransons timely appealed.

## II. Issue Presented

The Bransons present one issue for our review, which we have restated slightly:

Whether the trial court erred by granting summary judgment in favor of Mr. Atkins.

## III. Standard of Review

The grant or denial of a motion for summary judgment is a matter of law; therefore, our standard of review is *de novo* with no presumption of correctness. *See Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015); *Dick*

*Broad. Co. of Tenn. v. Oak Ridge FM, Inc.*, 395 S.W.3d 653, 671 (Tenn. 2013) (citing *Kinsler v. Berkline, LLC*, 320 S.W.3d 796, 799 (Tenn. 2010)). As such, this Court must "make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied." *Rye*, 477 S.W.3d at 250. As our Supreme Court has explained concerning the requirements for a movant to prevail on a motion for summary judgment pursuant to Tennessee Rule of Civil Procedure 56:

[W]hen the moving party does not bear the burden of proof at trial, the moving party may satisfy its burden of production either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense. We reiterate that a moving party seeking summary judgment by attacking the nonmoving party's evidence must do more than make a conclusory assertion that summary judgment is appropriate on this basis. Rather, Tennessee Rule 56.03 requires the moving party to support its motion with "a separate concise statement of material facts as to which the moving party contends there is no genuine issue for trial." Tenn. R. Civ. P. 56.03. "Each fact is to be set forth in a separate, numbered paragraph and supported by a specific citation to the record." *Id.* When such a motion is made, any party opposing summary judgment must file a response to each fact set forth by the movant in the manner provided in Tennessee Rule 56.03. "[W]hen a motion for summary judgment is made [and] . . . supported as provided in [Tennessee Rule 56]," to survive summary judgment, the nonmoving party "may not rest upon the mere allegations or denials of [its] pleading," but must respond, and by affidavits or one of the other means provided in Tennessee Rule 56, "set forth specific facts" *at the summary judgment stage* "showing that there is a genuine issue for trial." Tenn. R. Civ. P. 56.06. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.,* 475 U.S. [574,] 586, 106 S. Ct. 1348, [89 L.Ed.2d 538 (1986)]. The nonmoving party must demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party. If a summary judgment motion is filed before adequate time for discovery has been provided, the nonmoving party may seek a continuance to engage in additional discovery as provided in Tennessee Rule 56.07. However, after adequate time for discovery has been provided, summary judgment should be granted if the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the existence of a genuine issue of material fact for trial. Tenn. R. Civ. P. 56.04, 56.06. The focus is on the evidence the nonmoving party comes forward with at the summary judgment stage, not on hypothetical

evidence that theoretically could be adduced, despite the passage of discovery deadlines, at a future trial.

*Rye*, 477 S.W.3d at 264-65. "Whether the nonmoving party is a plaintiff or a defendant—and whether or not the nonmoving party bears the burden of proof at trial on the challenged claim or defense—at the summary judgment stage, '[t]he nonmoving party must demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party.'" *TWB Architects, Inc. v. The Braxton, LLC*, 578 S.W.3d 879, 889 (Tenn. 2019) (quoting *Rye*, 477 S.W.3d at 265). Pursuant to Tennessee Rule of Civil Procedure 56.04, the trial court must "state the legal grounds upon which the court denies or grants the motion" for summary judgment, and our Supreme Court has instructed that the trial court must state these grounds "before it invites or requests the prevailing party to draft a proposed order." *See Smith v. UHS of Lakeside, Inc.*, 439 S.W.3d 303, 316 (Tenn. 2014).

IV. Grant of Summary Judgment

The Bransons argue that the trial court's grant of summary judgment in favor of Mr. Atkins was improper because a dispute of material fact existed concerning whether Mr. Atkins maintained cattle on the subject property at the time of the accident. Mr. Atkins contends that no dispute of material fact existed because his affidavit established that he had no ownership or leasehold interest in the property or any cattle thereon at the time of the accident and because he had no knowledge of cattle having escaped the fence surrounding the subject property prior to the accident.

Mr. Atkins relies upon this Court's decision in *Blaylock v. Nash*, No. M1999-00568-COA-R3-CV, 2000 WL 1294315, at *3 (Tenn. Ct. App. Sept. 14, 2000), a case with facts strikingly similar to the case at bar. In *Blaylock*, the plaintiff struck a cow that was in the road in front of a stockyard business with his vehicle. *Id*. at *1. The plaintiff sued the individual who allegedly owned and operated the stockyard, claiming that the defendant had breached his duty to maintain control over his livestock. *Id*. The defendant filed a motion for summary judgment, denying ownership of the cow in question and further denying that he had prior knowledge of a cow escaping the fencing at the stockyard. *Id*. at *3. The trial court granted summary judgment in favor of the defendant, and the plaintiff appealed that ruling. *Id*.

On appeal, the *Blaylock* Court explained:

"It is well recognized in Tennessee that 'the owner of escaping animals is not absolutely liable for damages to another's property but is only liable where he knowingly or negligently permits their escape or fails to recapture.'" *Way v. Bohannon*, 688 S.W.2d 89, 91 (Tenn. Ct. App. 1985) (citing *Trout v. Branham*, 660 S.W.2d 502, 505 (Tenn. Ct. App.

- 6 -

1983) (citing *Overbey v. Poteat*, 206 Tenn. 146, 332 S.W.2d 197 (1960))). *See* Tenn. Code Ann. § 44-8-401(a) (1993) (providing that "[i]t is unlawful for the owners of any livestock, as the same are commonly known and defined, to willfully allow the same to run at large in this state"). In this case, Plaintiff does not assert nor is there any evidence that Defendant, Mr. Nash, knowingly permitted this cow to escape. Thus, Plaintiff must show that Defendant is negligent. "To succeed with a negligence claim, the plaintiff must establish: (1) a duty owed by the defendant to the plaintiff, (2) conduct by the defendant falling below the applicable standard of care, (3) an injury or loss resulting from the defendant's breach of that duty, (4) causation in fact, and (5) legal cause." *Dillard v. Vanderbilt Univ.*, 970 S.W.2d 958, 960 (Tenn. Ct. App. 1998) (citing *Haynes v. Hamilton County*, 883 S.W.2d 606, 611 (Tenn. 1994)).

Initially, we must address the question of whether Plaintiff has presented sufficient evidence to get his claim past the summary judgment stage on the element of duty. As the court noted in a negligence suit brought by a plaintiff who was injured by an escaped cow, "the owner of a domestic animal is bound to exercise such reasonable care to prevent it from injuring another as an ordinarily careful and prudent person would exercise under the same circumstances." *Groce Provision Co. v. Dortch*, 49 Tenn. App. 57, 67, 350 S.W.2d 409, 413 (1961).

* * *

The evidence does not mandate a conclusion that the cow was not owned or controlled by Defendant. Reasonable minds could differ and summary judgment is not appropriate. Thus, we turn to an analysis of the second element of negligence: breach of duty. We find that Plaintiff has failed to present any evidence of conduct by Defendant falling below the applicable standard of care or, in other words, conduct which constitutes a breach of Defendant's duty. Therefore, we are compelled to uphold the trial court's grant of summary judgment to Defendant on this basis.

In *Way v. Bohannon*, as in this case, a lawsuit arose from a collision between a cow and an automobile driven by the plaintiff. 688 S.W.2d 89 (Tenn. Ct. App. 1985). The plaintiff argued that the defendant farm owner was negligent for not properly tending to his livestock by allowing them to run at large on the public highway in violation of both Tennessee Code Annotated section 44-8-401 and the common law. *Id*. at 90.

* * *

The court in *Way* concluded that there was "no evidence in the record in [that] case to show that defendant's fence was not 'lawful . . . or . . . ordinary such as is generally required to restrain [that] kind of stock.' Furthermore, plaintiff did not even make such an assertion." *Way*, 688 S.W.2d at 90. Finally, the court asserted that the plaintiff had "produced no proof that defendant either knowingly or negligently permitted his cattle to escape from the pasture. Plaintiff failed to produce even a 'spark or glimmer' of proof, much less the 'material and substantial evidence from which negligence can be determined.'" *Id*. at 91.

Likewise, in the case at bar, assuming that Plaintiff met his burden of proof with regard to Defendant's ownership or control over this particular cow, Plaintiff presented no evidence that Defendant's enclosure of this cow was not lawful or ordinarily such as is generally required to restrain cattle. *See id*. at 90. Indeed, the record's only reference to this enclosure was from Defendant's deposition testimony where Defendant stated that he had a building where he kept cows thirty yards from the stockyard. There was no indication in the record that any enclosure was inadequate in any way. To reiterate, "negligence is never presumed from an accident alone but must be proved by either direct or circumstantial evidence, or both." *Moon* [*v. Johnston*], 337 S.W.2d [464,] 469 [(Tenn. Ct. App. 1959)]; *Troutt v. Branham*, 660 S.W.2d 502, 506 (Tenn. Ct. App. 1983). In this case, there is neither direct nor circumstantial evidence of a breach of duty on the part of Defendant, Mr. Nash. As has been stated in a case involving a highway collision between a car and a horse, "[one] is not liable, if without his fault, the animals have escaped . . . [T]he doctrine of res ipsa loquitur does not apply to actions of this nature." *Rodgers v. Webb*, 335 F. Supp. 584, 585 (E.D. Tenn. 1971). Thus, we hold that the trial court's grant of summary judgment must be affirmed because Plaintiff has presented no evidence from which a reasonable jury could find that Defendant breached his duty to Plaintiff.

*Blaylock*, 2000 WL 1294315, at *3-6.

Similarly, in this case, the Bransons argue that a material dispute of fact exists concerning whether Mr. Atkins owned the bull that escaped the fence and entered the roadway. We disagree. The only affidavit in the record that addresses ownership of cattle on the property is Mr. Atkins's affidavit, in which he clearly stated that he had removed all of his cattle in October 2017 prior to the date of the accident. The Bransons filed no countervailing affidavits or other proof demonstrating that Mr. Atkins owned the bull in question. We emphasize:

"[W]hen a motion for summary judgment is made [and] . . . supported as provided in [Tennessee Rule 56]," to survive summary judgment, the nonmoving party "may not rest upon the mere allegations or denials of [its] pleading," but must respond, and by affidavits or one of the other means provided in Tennessee Rule 56, "set forth specific facts" *at the summary judgment stage* "showing that there is a genuine issue for trial." Tenn. R. Civ. P. 56.06. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.,* 475 U.S. [574,] 586, 106 S. Ct. 1348, [89 L.Ed.2d 538 (1986)]. The nonmoving party must demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party.

*Rye*, 477 S.W.3d at 265.

Moreover, assuming, *arguendo*, that Mr. Atkins owed a duty to the Bransons based on his having an ownership interest in the bull that was in the roadway, the Bransons have failed to demonstrate that Mr. Atkins breached any such duty if it existed. Mr. Rucker's affidavit established that the property was surrounded by fencing "such as is generally required to restrain cattle." In addition, Mr. Atkins filed an affidavit with the trial court specifically stating: "At no time prior to December 2017, was I ever notified by anyone or aware of any cattle escaping the fenced area on the property" or "of any problems with a fence at the property." In addition, Mr. Atkins stated that "[n]either Mr. Rucker nor Mr. Hurst ever informed me of a large animal escaping from the fenced area." The Bransons filed no countervailing affidavits or other proof that Mr. Atkins "either knowingly or negligently permitted his cattle to escape from the pasture." *See Blaylock*, 2000 WL 1294315, at *5 (citing *Way v. Bohannon*, 688 S.W.2d 89, 91 (Tenn. Ct. App. 1985)).

Tennessee law is clear that absent such proof that a cattle owner knowingly or negligently permitted escape by failing to maintain a proper fence enclosure, no liability can exist. *See Overbey v. Poteat*, 332 S.W.2d 197, 200 (Tenn. 1960) (explaining that pursuant to statute "the owner of escaping animals [is] liable only where he knowingly or negligently permits their escape"); *Way v. Bohannon*, 688 S.W.2d 89, 91 (Tenn. Ct. App. 1985) (holding that a defendant could not be held liable when the plaintiff "produced no proof that defendant either knowingly or negligently permitted his cattle to escape from the pasture"); *Troutt v. Branham*, 660 S.W.2d 502, 506 (Tenn. Ct. App. 1983) (ruling that the defendants could not be held liable "if without their fault the cattle escaped from a pasture enclosed by a lawful fence or by an ordinary fence such as is generally required to restrain that kind of stock"); *Moon v. Johnston*, 337 S.W.2d 464, 469 (Tenn. Ct. App. 1959) (same); *Wilson v. White*, 102 S.W.2d 531, 533-34 (Tenn. Ct. App. 1936) (same); *cf. Sherrer ex rel. Lilly S. v. Cleghorn*, No. M2018-00023-COA-R3-CV, 2018 WL 4520948, at *3 (Tenn. Ct. App. Sept. 20, 2018) (reversing grant of summary judgment to

the defendant because the plaintiffs presented proof that the defendant's fence was defective and had "been in 'bad shape'" for many years).

The Bransons argue that they should have been allowed additional time to depose Mr. Jones, from whom the Bransons had received an affidavit in July 2019. The trial court denied the Bransons' motion seeking additional time to depose Mr. Jones, and the Bransons have raised no issue on appeal concerning the trial court's denial of said motion. However, Mr. Atkins filed Mr. Jones's affidavit with the trial court, such that it was made a part of the record on appeal. We note that the affidavit also creates no genuine issue of material fact with regard to the issue of whether Mr. Atkins breached a duty allegedly owed to the Bransons. In his affidavit, Mr. Jones stated, in pertinent part, that "[s]hortly before the accident involving Mr. Branson, another cow had escaped from this same property." However, Mr. Jones's affidavit does not contradict the statements contained in Mr. Atkins's affidavit that he owned no cattle on the property and was not notified of any issues with the fence or cattle having escaped prior to the accident.

Inasmuch as Mr. Atkins presented proof that he maintained no cattle on the subject property and was unaware of any issues with the property's fencing or with cattle having escaped the enclosure prior to the accident and inasmuch as the Bransons presented no countervailing proof, we determine that the trial court properly granted summary judgment in favor of Mr. Atkins as a matter of law. *See Blaylock*, 2000 WL 1294315, at *3-6. We therefore affirm the trial court's judgment.

Finally, Mr. Atkins argues in his appellate brief that this Court should consider the Bransons' appeal frivolous and award Mr. Atkins his attorney's fees incurred in defending against the appeal. We note, however, that Mr. Atkins failed to raise this as an issue in his statement of the issues. As such, we determine any issue concerning attorney's fees on appeal to be waived. *See Gibson v. Bikas*, 556 S.W.3d 796, 810 (Tenn. Ct. App. 2018) (explaining that a party's request for attorney's fees on appeal would not be considered because it had not been raised as an issue in the statement of the issues); *Ethridge v. Estate of Ethridge*, 427 S.W.3d 389, 395 (Tenn. Ct. App. 2013) ("Issues not raised in the statement of the issues may be considered waived.").

## V. Conclusion

For the foregoing reasons, we determine that the trial court's grant of summary judgment in favor of Mr. Atkins should be affirmed. We remand this matter to the trial court for further proceedings, if necessary, and collection of costs assessed below. Costs on appeal are assessed to the appellants, Richard L. Branson, Jr., and Suzanne M. Branson.

s/Thomas R. Frierson, II

_____
THOMAS R. FRIERSON, II, JUDGE