**Michelle Randolph WAY, Plaintiff-Appellant,**

v.

**Lewis BOHANNON, Defendant-Appellee.**

Court of Appeals of Tennessee, Middle Section.

Jan. 11, 1985.

Application for Permission to Appeal Denied by Supreme Court March 25, 1985.

John Poteet, Cookeville, for plaintiff-appellant.

Daniel H. Rader, III, Moore, Rader & Clift, P.C., Cookeville, for defendant-appellee.

## OPINION

LEWIS, Judge.

This is an appeal by plaintiff from the Trial Court's granting defendant's motion for a directed verdict at the close of plaintiff's proof.

This case arises out of a collision between a cow and an automobile in Putnam County, Tennessee, on December 15, 1981. Plaintiff Michelle Randolph Way was a passenger in a car driven by her friend Randy Way. The couple was returning from a shopping trip to their home in Monterey along U.S. Highway 70N about five miles east of Cookeville when the accident occurred.

At the point where the accident occurred, the highway geographically divides a 1000 acre farm owned by the defendant. One of the defendant's cows confined in a pasture on the south side of the road somehow broke through a fence enclosing the pasture and wandered onto the road. The Way automobile collided with the cow resulting in injury to plaintiff.

Plaintiff presents several issues for our consideration, only one of which is controlling.

Plaintiff contends that defendant was negligent for not properly tending to his livestock by allowing them to run at large on the public highway in violation of both statutory [1] and common law. She argues that the accident came about as a result of such negligence and that it was the proximate cause of the injury received by her. She further insists that, given the testimony of the plaintiff's witnesses as to the history of defendant's negligence, there was an issue which should have gone to the jury.

In support of her argument, plaintiff cites *Higgins v. Vinson*, 549 S.W.2d 161 (Tenn.App.1976), for the proposition that testimony relating to previous sightings of defendant's cattle on the road suggests negligence sufficient to require the case to go to the jury. In *Higgins*, the plaintiff's automobile collided with a horse belonging to the defendant on a highway adjacent to defendant's farm. Witnesses at trial testified that they had seen the same horse or one similar to it crossing the road on previous occasions. The trial court granted defendant's motion to dismiss, and we reversed. This Court stated that where proof was presented that the defendant's horse had been seen on the highway on a number of occasions prior to the accident, the defendants should have known about the tendency and "were negligent in not enclosing their pasture with a suitable gate or fence which would prevent this horse ... from going out on the highway and, thus, becoming a hazard to motorists particularly at night." 549 S.W.2d at 165. We further held that the plaintiff had "introduced sufficient proof to raise a jury question and that it was error on the part of the Trial Judge to direct a verdict...." *Id.*

Here, the plaintiff produced testimony from defendant's neighbors and adjoining land owners who claimed to have seen cattle along the road on several occasions prior to the day of the accident.

We begin our consideration of plaintiff's argument by reviewing the standard in Tennessee for determining negligence in these types of cases as summarized in *Moon v. Johnston*, 47 Tenn.App. 208, 337 S.W.2d 464 (1959), as follows:

It seems to be the rule in this State that where the owner of animals negligently allows them to run at large, he is liable for their resulting damages. But he is not liable if without his fault the animals have escaped from a pasture enclosed by a lawful fence or by an ordinary fence such as is generally required to restrain that kind of stock.

. . . .

Moreover, negligence is never presumed from an accident alone, but must be proved by either direct or circumstantial evidence, or both. Nor is a jury permitted to speculate or guess as to the proximate cause of injury, but there must be evidence of a material and substantial nature from which negligence can be determined. Furthermore, under the "scintilla rule" as applied in our practice, a case does not have to be submitted to a jury where there is a mere spark or glimmer of evidence.

The rule is also well settled that where there is no evidence of actionable negligence, or where all the elements necessary to make out a prima facie case of actionable negligence are lacking, it becomes a question of law for the court and not an issue of fact for the jury. 47 Tenn.App. at 217, 337 S.W.2d at 469 (citations omitted).

There is no evidence in the record in this case to show that defendant's fence was not "lawful ... or ... ordinary such as is generally required to restrain [this] kind of stock." Furthermore, plaintiff did not even make such an assertion.

---

1. Tenn.Code Ann. § 44–8–101 states as follows: *Livestock not to run at large—Punishment.* —It shall be unlawful for the owners of any livestock, as the same are commonly known and defined, to willfully allow the same to run at large in this state. Any person found guilty of a violation of this section will be fined not less than five dollars ($5.00), nor more than twenty-five dollars ($25.00).

There is evidence, however, to indicate that this may have been the first time cattle had escaped from this side of defendant's farm. The record reveals that in the fall of 1981, defendant moved his livestock from the north side of Highway 70 to a pasture 300 yards south of the road in a hollow on the rear portion of the farm. Plaintiff's witnesses testified that they had seen cattle on the road on numerous occasions in 1981 and before. However, there was no proof that any cattle escaped from defendant's new grazing pasture on the south side of the road after he made the move. In fact, some of the cattle sighted could not even be linked to defendant's property at all.

This Court recently dealt with a similar situation in *Wolaver v. Warren*, —— S.W.2d —— (Tenn.App. at Nashville, filed July 31, 1984), where the defendant maintained two herds of cattle on separate farms, one of which he rented, and the other he owned. A cow escaped from one of the farms and was hit by plaintiff's vehicle. The plaintiff attempted to prove at trial that since cattle had escaped from the other farm on previous occasions, defendant, therefore, had the reputation for allowing his cattle to escape. We held that there was

> no evidence of the reputation of defendant for allowing cattle to escape; and, if there were such evidence, it would not be evidence of negligence, for: negligence cannot be proved by evidence of character or of negligent acts on other occasions.

*Wolaver*, at —— (citation omitted).

It is well recognized in Tennessee that "the owner of escaping animals is not absolutely liable for damages to another's property but is only liable where he knowingly or negligently permits their escape or fails to recapture." *Trout v. Branham*, 660 S.W.2d 502, 505 (Tenn.App.1983) (*citing e.g., Overbey v. Poteat*, 206 Tenn. 146, 332 S.W.2d 197 (1960)).

Plaintiff has produced no proof that defendant either knowingly or negligently permitted his cattle to escape from the pasture. Plaintiff failed to produce even a "spark or glimmer" of proof, much less the "material and substantial evidence from which negligence can be determined." *See Moon v. Johnston*, 47 Tenn.App. 208, 218, 337 S.W.2d 464, 469 (1959).

Plaintiff has also set forth in her brief several other issues. In her argument, she does not even allude to those issues. Plaintiff, therefore, has completely failed to comply with Court of Appeals Rule 6(a). Notwithstanding the failure of plaintiff to comply with the rules of this Court, we have reviewed the record with these issues in mind and are of the opinion that each of them is without merit.

The judgment of the Trial Court is affirmed with costs assessed against the plaintiff and the cause remanded to the Trial Court for the collection of costs and any further necessary proceedings.

TODD, P.J., M.S., and CANTRELL, J., concur.