IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
October 3, 2000 Session

## JAMES RODEN, ET AL. v. CLARK HECK, SR., ET AL.

**Appeal from the Chancery Court for Hamilton County**
**No. 98-0458      W. Frank Brown, III, Chancellor**

**FILED NOVEMBER 6, 2000**

**No. E2000-00969-COA-R3-CV**

---

This case involves a chicken -- more specifically a rooster -- that allegedly ran "afoul" of the law. James Roden and his wife, Janet Roden, brought this action against their neighbors, Clark Heck, Sr., and Clark Heck, Jr., after Mr. Roden was injured by a chicken that had escaped from the defendants' property. The trial court granted the defendants summary judgment. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which HERSCHEL P. FRANKS and D. MICHAEL SWINEY, JJ., joined.

Michael A. Anderson, Chattanooga, Tennessee, for the appellants, James Roden and Janet Roden.

Douglas M. Campbell, Chattanooga, Tennessee, for the appellees, Clark Heck, Sr., and Clark Heck, Jr.

**OPINION**

I.

The parties are next-door neighbors in a rural area of Hamilton County that is zoned for agricultural use. Their properties are separated by a privacy fence that is six feet tall.[1] On the day in question, Mr. Roden was underneath a vehicle in his driveway performing repairs when a rooster belonging to Clark Heck, Jr., came over the fence and into the Rodens' yard. The rooster ran underneath the vehicle where Mr. Roden was working and pecked and bit him.

---

[1]The fence is not otherwise described in the record.

The plaintiffs brought this action, alleging that the defendants were negligent in failing to control their chickens and in allowing them to enter the plaintiffs' property.[2] The defendants moved for summary judgment, which the trial court granted. This appeal followed.

II.

The parties dispute the appropriate legal standard to be applied in this case. The plaintiffs contend that an owner of a domestic animal, such as a chicken, is liable for injuries caused by the animal if the owner knowingly or negligently allows the animal to escape the owner's premises. The defendants argue, on the other hand, that they cannot be held liable for Mr. Roden's injuries unless it can be shown that the rooster had a tendency to injure people and that the defendants knew of the rooster's vicious propensities. The trial court, after considering both theories, determined that the defendants were entitled to summary judgment under both standards.

We agree with the plaintiffs that the appropriate rule is that an owner of an escaped farm animal is liable for injuries caused by that animal if the owner knowingly or negligently allows it to escape or fails to recapture it. *See, e.g., **Way v. Bohannon,*** 688 S.W.2d 89, 91 (Tenn. Ct. App. 1985); ***Troutt v. Branham,*** 660 S.W.2d 502, 505 (Tenn. Ct. App. 1983); ***Moon v. Johnston,*** 47 Tenn. App. 208, 217, 337 S.W.2d 464, 469 (Tenn. Ct. App. 1959). We do not find the "vicious propensity" rule to be applicable in this case. All of the cases cited by the defendants in which the "vicious propensity" rule was applied involve attacks by dogs. We know of no authority extending the "vicious propensity" rule to cases involving attacks by farm animals. We decline to extend this rule to the facts of this case.

III.

Having determined the appropriate legal standard, we now turn to the issue of summary judgment. We review the trial court's decision against the standard of Tenn. R. Civ. P. 56.04, which provides, in pertinent part, as follows:

> the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

When reviewing a grant of summary judgment, an appellate court must decide anew if judgment in summary fashion is appropriate. ***Cowden v. Sovran Bank/Central South,*** 816 S.W.2d 741, 744 (Tenn. 1991); ***Gonzales v. Alman Constr. Co.,*** 857 S.W.2d 42, 44-45 (Tenn. Ct. App. 1993). Since this determination involves a question of law, there is no presumption of correctness as to the trial

---

[2]The plaintiffs sought compensatory damages, punitive damages, and injunctive relief to abate an alleged nuisance. Their claim for compensatory damages is the only claim before us on this appeal.

court's judgment. ***Robinson v. Omer,*** 952 S.W.2d 423, 426 (Tenn. 1997). In making our determination, we must view the evidence in a light most favorable to the nonmoving party, and we must draw all reasonable inferences in favor of that party. ***Byrd v. Hall,*** 847 S.W.2d 208, 210 (Tenn. 1993). Summary judgment is appropriate only if no genuine issues of material fact exist and if the undisputed material facts entitle the party to a judgment as a matter of law. Tenn. R. Civ. P. 56.04; ***Byrd,*** 847 S.W.2d at 211.

IV.

The defendants' motion for summary judgment is supported by the depositions of the defendants and Ms. Roden, as well as the affidavit of Clark Heck, Jr. In his affidavit, Mr. Heck states, in pertinent part, as follows:

> That rooster had been kept in my yard by a nylon tie cord that was attached to a barrel. It was a new tie cord that I had purchased about one week before. When the rooster returned to my yard after being in Roden's yard I examined the tie cord, and it had been cut.

With this affidavit, the defendants have demonstrated that they had taken reasonable steps to contain the rooster in question and to prevent its escape from their property. If left uncontradicted, these facts are sufficient to establish (1) that there are no disputed material facts on the issue of the defendants' negligence and (2) that the defendants are entitled to a judgment as a matter of law. We therefore find that the material submitted by the defendants effectively shifted the burden to the plaintiffs to demonstrate that there is a genuine issue of material fact precluding summary judgment.

In opposition to the defendants' motion, the plaintiffs submitted portions of their depositions, in which the plaintiffs described prior instances where some of the defendants' chickens had escaped and come onto the plaintiffs' property. Specifically, Ms. Roden testified that she had seen chickens belonging to Heck, Jr., on the Rodens' property approximately ten to fifteen times. Ms. Roden testified that she once advised Heck, Jr., that a chicken had escaped and taken up residence in a tree on the Rodens' property. Mr. Roden testified in his deposition that immediately after the pecking, he had told Heck, Jr., that a chicken was loose and that Heck, Jr., had replied, "I know, I'm trying to catch it."

We find that the plaintiffs failed to establish a genuine issue of material fact for trial. The fact that some of the defendants' chickens had escaped in the past does not create a genuine issue of material fact as to whether the defendants were negligent in allowing this particular rooster to escape on this particular occasion. *See **Way**,* 688 S.W.2d at 91. Furthermore, the fact that Heck, Jr., acknowledged immediately after the incident that the rooster was loose does not create a genuine issue of material fact as to the defendants' negligence. Liability cannot be established by a mere showing that the rooster escaped; it must be shown that the rooster escaped by reason of the defendants' negligence. *See **Moon**,* 47 Tenn. App. at 217-18, 337 S.W.2d at 469. The only proof

-3-

on this issue is the affidavit of Heck, Jr., attesting to the fact that the rooster had been tethered by a new nylon tie cord.

We find that the record before us does not contain any evidence that the defendants knowingly or negligently allowed the rooster to escape. The affidavit of Heck, Jr., establishes to the contrary. In the absence of countervailing proof, the defendants are entitled to summary judgment.

V.

The judgment of the trial court is affirmed. This case is remanded for collection of costs assessed below, pursuant to applicable law. Costs on appeal are taxed to the appellants.

_____
CHARLES D. SUSANO, JR., JUDGE