IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
May 11, 2022 Session

## WILLIAM OWINGS v. REBA OWINGS

**Appeal from the Circuit Court for Roane County**
**No. 2019-CV-127          Michael S. Pemberton, Judge**

_____

### No. E2021-01330-COA-R3-CV
_____

The plaintiff in this personal injury action was a passenger in a vehicle driven by the defendant when an accident occurred after an animal purportedly ran into the roadway. Upon the defendant's motion and following a hearing, the trial court granted summary judgment in favor of the defendant, finding that the plaintiff had presented no evidence of negligence on the part of the defendant. The plaintiff has appealed. Discerning no reversible error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed; Case Remanded**

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and JOHN W. MCCLARTY, J., joined.

Sherif Guindi and Andrew Beamer, Knoxville, Tennessee, for the appellant, William Owings.

Marshall W. Stair, Knoxville, Tennessee, for the appellee, Reba Owings.

### OPINION

I.  Factual and Procedural Background

The automobile accident giving rise to this action occurred on August 11, 2018. The plaintiff, William Owings ("Plaintiff"), was a passenger in a 2000 Ford Windstar minivan ("the minivan") driven by the defendant, Reba Owings ("Defendant").[1] It is undisputed that while traveling on Tennessee State Route 61, otherwise known as the

_____

[1] In his deposition testimony, Plaintiff stated that he and Defendant had been married for a few years approximately thirty years ago and that they had remained friends since their divorce.

Harriman Highway, Defendant swerved the minivan off the roadway and hit two or three parked vehicles. Defendant maintains that she had swerved to miss an animal that jumped out in front of her, and the trial court ultimately found that this fact was essentially undisputed.

Plaintiff filed a complaint on August 8, 2019, alleging that when the accident occurred, Defendant "was operating [the minivan] in a negligent, reckless, and dangerous manner" and was guilty of negligence *per se* for violation of Tennessee Code Annotated §§ 55-8-103 (2020) (required obedience to traffic laws), 55-8-205 (2020) (although labeled in the complaint as "reckless driving," this statute involves bicycle lane offenses), and 55-8-136 (2020) (required exercise of due care). Plaintiff further alleged that "as a direct and proximate result" of Defendant's negligence, he had sustained serious and permanent injuries, "caus[ing] him to incur significant medical expenses and to suffer great physical pain and permanent physical impairment . . . caus[ing] him to lose wages and earning capacity . . . and permanently diminish[ing] his ability to participate in his normal daily activities and to enjoy the pleasures of life." He requested a jury trial and a maximum of $75,000 in damages. Plaintiff did not specify in his complaint the injuries he had incurred; however, in response to an interrogatory, he subsequently stated that his lower back was "[h]urt and sore"; his legs were "[b]usted up, sore, and black and blue"; and his shoulder was "sore."

Defendant filed an answer on November 1, 2019, admitting that the accident occurred but denying the other substantive allegations as to her negligence. She asserted that "the accident was a result of a deer unexpectedly entering the roadway" and that "she had no opportunity or ability to avoid the accident." Defendant filed a motion for summary judgment on August 23, 2021, stating in part that no genuine issues of material fact precluded summary judgment in her favor because "the parties agree that the Defendant did not breach the duty of care or cause the accident." Citing the doctrine of "unavoidable accident" in her memorandum in support of the motion, Defendant argued that "[t]he accident was unavoidable and not an act of negligence." She also argued that because the accident resulted from the presence of a wild animal, it had been caused by an "Act of God."

Defendant attached Plaintiff's deposition testimony to her motion for summary judgment. During his deposition, Plaintiff stated that Defendant had "done what she had to do" when the accident occurred and acknowledged that he did not think she had done anything wrong. Plaintiff also testified that he did not see an animal jump in front of the vehicle but that Defendant had told him that "something jumped out in front of her." In Plaintiff's responses to Defendant's interrogatories, which Defendant also attached to her summary judgment motion, Plaintiff stated his version of how the accident occurred as follows:

- 2 -

The Defendant was driving up Route 61 when something jumped out in front of her. I was in the front passenger seat. The defendant swerved to the right to avoid hitting it and hit [two] or three vehicles before coming to a stop.

In her statement of undisputed material facts, filed with her motion, Defendant quoted Plaintiff's response above as well as Plaintiff's deposition testimony that Defendant had not done anything wrong.

Plaintiff filed a response opposing Defendant's summary judgment motion on September 20, 2021, stating in relation to Plaintiff's statements relied upon in Defendant's motion:

Any statements made by [Plaintiff] at his deposition that Defendant did not cause the accident or act negligently in causing the accident, or that she could not avoid the accident, were all based on the fact that Defendant told Plaintiff that an animal jumped out in front of the vehicle, thus are not based on undisputed facts. Even if an animal did jump out in front of the vehicle, it is the purview of the jury, not of the Plaintiff, to determine if swerving to miss an animal thus causing an accident that injured Plaintiff and damaged property is negligent.

Plaintiff concomitantly filed a response to Defendant's statement of undisputed material facts in which he disputed the quotations from Plaintiff's deposition as "statement[s] made by Plaintiff . . . based on Defendant's representation to Plaintiff that she swerved to avoid hitting an animal." Defendant filed a reply to Plaintiff's response, asserting in part that Plaintiff had provided no evidence that an animal was not in the road and that "if the Plaintiff was certain no animal was in the road, he would not have testified that the Defendant did not do anything wrong."

Following a hearing, the trial court entered an order granting summary judgment in favor of Defendant on October 29, 2021, dismissing Plaintiff's complaint with prejudice and certifying the order as final pursuant to Tennessee Rule of Civil Procedure 54.02. Incorporating the transcript of the summary judgment hearing into its final order, the court found it to be undisputed that an animal "ran out in front of the vehicle of the defendant and the defendant swerved to miss" the animal. The court determined that Plaintiff had presented no proof "of anything that the defendant did that was negligent" and that such proof was "necessary in order to overcome this motion for summary judgment." Plaintiff timely appealed.

## II.  Issue Presented

Plaintiff has raised one issue on appeal, which we have restated slightly as follows:

> Whether the trial court erred by granting summary judgment in favor of Defendant on the issue of liability.

## III.  Standard of Review

The grant or denial of a motion for summary judgment is a matter of law; therefore, our standard of review is *de novo* with no presumption of correctness.  *See Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015); *Dick Broad. Co. of Tenn. v. Oak Ridge FM, Inc.*, 395 S.W.3d 653, 671 (Tenn. 2013) (citing *Kinsler v. Berkline, LLC*, 320 S.W.3d 796, 799 (Tenn. 2010)).  As such, this Court must "make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied."  *Rye*, 477 S.W.3d at 250.  "Statutory construction is a question of law that is reviewable on a de novo basis without any presumption of correctness."  *In re Estate of Tanner*, 295 S.W.3d 610, 613 (Tenn. 2009).

As our Supreme Court has explained concerning the requirements for a movant to prevail on a motion for summary judgment pursuant to Tennessee Rule of Civil Procedure 56:

> [W]hen the moving party does not bear the burden of proof at trial, the moving party may satisfy its burden of production either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense.  We reiterate that a moving party seeking summary judgment by attacking the nonmoving party's evidence must do more than make a conclusory assertion that summary judgment is appropriate on this basis.  Rather, Tennessee Rule 56.03 requires the moving party to support its motion with "a separate concise statement of material facts as to which the moving party contends there is no genuine issue for trial."  Tenn. R. Civ. P. 56.03.  "Each fact is to be set forth in a separate, numbered paragraph and supported by a specific citation to the record."  *Id.*  When such a motion is made, any party opposing summary judgment must file a response to each fact set forth by the movant in the manner provided in Tennessee Rule 56.03.  "[W]hen a motion for summary judgment is made [and] . . . supported as provided in [Tennessee Rule 56]," to survive

summary judgment, the nonmoving party "may not rest upon the mere allegations or denials of [its] pleading," but must respond, and by affidavits or one of the other means provided in Tennessee Rule 56, "set forth specific facts" *at the summary judgment stage* "showing that there is a genuine issue for trial." Tenn. R. Civ. P. 56.06. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*, 475 U.S. [574,] 586, 106 S. Ct. 1348, [89 L. Ed. 2d 538 (1986)]. The nonmoving party must demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party. If a summary judgment motion is filed before adequate time for discovery has been provided, the nonmoving party may seek a continuance to engage in additional discovery as provided in Tennessee Rule 56.07. However, after adequate time for discovery has been provided, summary judgment should be granted if the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the existence of a genuine issue of material fact for trial. Tenn. R. Civ. P. 56.04, 56.06. The focus is on the evidence the nonmoving party comes forward with at the summary judgment stage, not on hypothetical evidence that theoretically could be adduced, despite the passage of discovery deadlines, at a future trial.

*Rye*, 477 S.W.3d at 264-65. "Whether the nonmoving party is a plaintiff or a defendant—and whether or not the nonmoving party bears the burden of proof at trial on the challenged claim or defense—at the summary judgment stage, '[t]he nonmoving party must demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party.'" *TWB Architects, Inc. v. The Braxton, LLC*, 578 S.W.3d 879, 889 (Tenn. 2019) (quoting *Rye*, 477 S.W.3d at 265). Pursuant to Tennessee Rule of Civil Procedure 56.04, the trial court must "state the legal grounds upon which the court denies or grants the motion" for summary judgment, and our Supreme Court has instructed that the trial court must state these grounds "before it invites or requests the prevailing party to draft a proposed order." *See Smith v. UHS of Lakeside, Inc.*, 439 S.W.3d 303, 316 (Tenn. 2014).

## IV. Grant of Summary Judgment

Plaintiff contends that the trial court erred by granting summary judgment in favor of Defendant because disputed issues of material fact remained as to (1) whether an animal ran into the road in front of Defendant's moving vehicle and (2) assuming an animal did run into the road, whether swerving to miss the animal was negligent. Defendant contends that the trial court properly granted summary judgment in her favor upon finding that Plaintiff had presented no evidence that Defendant acted negligently.

Upon careful review of the record and applicable authorities, we agree with Defendant and the trial court.

A negligence claim requires proof of "(1) a duty of care owed by defendant to plaintiff; (2) conduct below the applicable standard of care that amounts to a breach of that duty; (3) an injury or loss; (4) cause in fact; and (5) proximate, or legal, cause." *McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995). As to the duty of care owed by Defendant in this action, "[g]enerally, drivers of a vehicle owe their passengers a duty to exercise reasonable care under the circumstances when driving." *Downs ex rel. Downs v. Bush*, 263 S.W.3d 812, 824 (Tenn. 2008) (citing *McCall*, 913 S.W.2d at 156). Additionally, "[t]he driver of a vehicle has the duty to keep a reasonably careful lookout for potential hazards on the roadway." *Jones v. Ray*, No. M2004-02629-COA-R3-CV, 2005 WL 3416296, at *1 (Tenn. Ct. App. Dec. 13, 2005) (citing *Van Sickel v. Howard*, 882 S.W.2d 794, 798 (Tenn. Ct. App. 1994)). Defendant has not challenged the existence of her duty to exercise reasonable care as the driver of the vehicle to Plaintiff as her passenger.

As our Supreme Court has explained regarding the exercise of reasonable care in performing a duty:

> Assuming a duty is owed, it must be determined whether defendant has exercised reasonable care under the circumstances. *McCall v. Wilder*, 913 S.W.2d at 153. If defendant has not, the duty has been breached. *Id.* at 153-54. In this regard, we have observed that "[t]he term reasonable care must be given meaning in relation to the circumstances. Ordinary, or reasonable, care is to be estimated by the risk entailed through probable dangers attending the particular situation and is to be commensurate with the risk of injury." *Doe v. Linder Const. Co., Inc.*, 845 S.W.2d 173, 178 (Tenn. 1992) (citations omitted).

*McClung v. Delta Square Ltd. P'ship*, 937 S.W.2d 891, 895 (Tenn. 1996).

However, it cannot be presumed that Defendant breached her duty simply because an accident occurred. *See Steele v. Primehealth Med. Ctr., P.C.*, No. W2015-00056-COA-R3-CV, 2015 WL 9311846, at *5 (Tenn. Ct. App. Dec. 22, 2015) ("Negligence cannot be presumed by the mere happening of an injury or accident." (citing *Brackman v. Adrian*, 472 S.W.2d 735, 739 (Tenn. Ct. App. 1971)). To prove negligence at trial, Plaintiff would have to demonstrate that Defendant's conduct was below the standard of care for a driver exercising reasonable care and that such conduct was the cause in fact and legal cause of the accident and Plaintiff's injuries.

Regarding causation, our Supreme Court has recently explained:

> Cause-in-fact, sometimes called actual cause, means "the injury or harm would not have occurred 'but for' the defendant's negligent conduct." [*King v. Anderson Cnty.*, 419 S.W.3d 232, 246 (Tenn. 2013)] (quoting *Kilpatrick v. Bryant*, 868 S.W.2d 594, 598 (Tenn. 1993)). "The concept of 'legal cause' was formerly known as 'proximate cause.' It connotes a policy decision made by the judiciary to establish a boundary of legal liability and to deny liability for conduct that could otherwise be actionable." *Rains* [*v. Bend of the River*], 124 S.W.3d [580,] 592 [(Tenn. Ct. App. 2003)] (citations omitted). "An actor's negligent conduct is the legal cause of harm to another if the conduct is a substantial factor in bringing about the harm and there is no rule of law relieving the actor from liability because of the manner in which the actor's negligence resulted in the harm." *Id.* "[D]isputed issues regarding legal cause, intervening cause, and foreseeability must be left to the jury" unless "the undisputed facts and inferences to be drawn from the facts enable reasonable persons to draw only one conclusion." *Id.* at 596.

*Cotten v. Wilson*, 576 S.W.3d 626, 638 (Tenn. 2019) (footnote omitted); *see Jones*, 2005 WL 3416296, at \*1 ("Though questions regarding breach of duty and causation are ordinarily questions of fact for the jury, 'these questions may be decided at the summary judgment stage if the evidence is uncontroverted and if the facts and the inferences drawn reasonably from the facts permit reasonable persons to draw only one conclusion.'" (quoting *Rains v. Bend of the River*, 124 S.W.3d 580, 588 (Tenn. Ct. App. 2003) (citations omitted in *Jones*)).

In granting summary judgment in favor of Defendant, the trial court specifically found:

> I think a fair reading of both the defendant's statement and more particularly the plaintiff's response to the statement of undisputed material facts can only lead to the conclusion that the actual facts are undisputed.
>
> The plaintiff basically says, well, that's what the defendant driver told me happened because I didn't see it. And I accept that. But that does not change the reality of the fact that something – I believe we all agree an animal or something jumped out in front of [Defendant]. So here [is] [Defendant's] statement of undisputed material facts:
>
> Number 1 is not – the plaintiff sued the defendant. Okay.

Number 2, the defendant was driving up Route 61 when something jumped out in front of her. That's undisputed.

Number 3, the defendant swerved to the right to avoid hitting the animal and hit two or three vehicles before coming to a stop. That's undisputed.

Number 4, the defendant did not do anything wrong in causing the accident. Well, as the Court has already said – and the cite for that is solely to the deposition of the plaintiff. The factual predicate for that opinion I think would have some import to the Court. And the ultimate conclusion that [Plaintiff] reached would have some import to the Court if he had actually seen what happened but he didn't see what happened. According to what he said he didn't see the animal jump out and didn't see what happened so I don't know how he could come to the opinion that the defendant didn't do anything wrong other than from what the defendant told him.

And then we get into the issue that I've said earlier about in some instances the parties' opinions about whether or not the legal ultimate conclusions and legal opinions as to whether or not the other party did something wrong are not – can have some import, at least to this Court, but here it doesn't for the reasons I've stated.

Number 5, the defendant did what she had to do to avoid the accident. Well, once again, here we are in a situation where we've got – that fact is predicated upon apparently what the defendant told the plaintiff and then [Plaintiff] testified to in his deposition. And the plaintiff does not dispute that fact.

So what we have here is a motor vehicle accident in which an animal, it's undisputed, ran out in front of the vehicle of the defendant and the defendant swerved to miss the [animal]. The defendant posits that it was a reaction. The plaintiff posits that it was a conscious or could have been a conscious decision. The reality of it, though, is that there is no proof in the record of anything that the defendant did that was negligent. And that's necessary in order to overcome this motion for summary judgment.

Frankly, I think it is a close call as to whether or not the defendant's statement of undisputed material facts is broad enough to encompass all

issues upon which are necessary to grant summary judgment but the Court ultimately finds that it is. And, once again, finds that here the undisputed material facts are that the defendant was driving down the road. An animal came into the road in front of the defendant. The defendant swerved to miss it and as a result an accident occurred. That's all that is in front of the Court. And for that reason the Court will grant summary judgment.

Plaintiff argues that because his statements that an animal jumped out in front of Defendant's vehicle were based on what Defendant had told him, rather than what he had directly observed, a genuine issue of material fact remains as to whether an animal did run into the road. The trial court found that this fact was undisputed, noting Plaintiff's response to Defendant's statement of undisputed material facts in which Plaintiff stated that the accident occurred when Defendant "was driving up Route 61 when something jumped out in front of her" and she "swerved to the right to avoid hitting it." Additionally, we note that Plaintiff's counsel stated during the summary judgment hearing: "our argument is that it's negligence to avoid hitting an animal and therefore harm a human being," essentially acknowledging that an animal had been in the roadway. During the hearing, Plaintiff's counsel also stated: "[I]t's not disputed that he was injured, that she was driving, that she avoided hitting an animal and, therefore, injured him" (emphasis added). Plaintiff offers no proof of any alternative explanation and has clearly shown, in both his written responses to interrogatories and his deposition testimony, that as a passenger in the vehicle, he believed Defendant's explanation that she swerved because an animal jumped into the roadway.

Plaintiff primarily argues that a disputed issue of material fact remains regarding whether swerving to avoid an animal in the road was a negligent action. He asserts that because Defendant was the driver and because no comparative fault could be attributed to Plaintiff as the passenger, Defendant's actions "were the proximate cause of the accident." Plaintiff essentially posits that the absence of proof that anyone other than Defendant was at fault for the accident means that she was one-hundred percent at fault. We disagree.

In moving for summary judgment, Defendant argued that Plaintiff could not prove that she had committed any negligent act and that therefore Plaintiff could not prove an essential element of his negligence claim. Defendant did not raise the affirmative defense of comparative fault. *See* Tenn. R. Civ. P. 8.03 (setting forth comparative fault as an affirmative defense); *Brown v. Wal-Mart Disc. Cities*, 12 S.W.3d 785, 787-88 (Tenn. 2000) ("[F]airness and efficiency require that defendants called upon to answer allegations in negligence be permitted to allege, as an affirmative defense, that a nonparty caused or contributed to the injury or damage for which recovery is sought[.]" (quoting *McIntyre v. Balentine*, 833 S.W.2d 52, 58 (Tenn. 1992)) (emphasis added).

As the nonmoving party, Plaintiff was required in response to Defendant's motion to "'do more than simply show that there [was] some metaphysical doubt as to the material facts'" and "demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor" of Plaintiff. *See Rye*, 477 S.W.3d at 265 (quoting *Matsushita Elec. Indus. Co.*, 475 U.S. 574, 586 (1986)). Plaintiff has presented no evidence of any negligent action (or inaction) taken by Defendant. Plaintiff also argues that Defendant's summary judgment motion should fail because Defendant did not present expert witness testimony regarding the safest way for a driver to react when an animal runs into the roadway. This argument is also unavailing because once Defendant moved for summary judgment based on a lack of proof, the burden was on Plaintiff to "'show more than metaphysical doubt'" as to whether Defendant's reaction in swerving was negligent. *See id.*

During the summary judgment hearing, the trial court noted that it had not been presented with and had not found a Tennessee case directly on point. On appeal, Defendant relies in part on *Jones*, 2005 WL 3416296, a decision of this Court that Defendant states her counsel's research revealed since the summary judgment hearing and that she maintains is directly applicable. The accident in *Jones* occurred when the plaintiff and the defendant were riding double on a motorcycle on the Natchez Trace Parkway and "a deer came from the left and struck the side of the motorcycle." *Jones*, 2005 WL 3416296, at *1. The trial court granted summary judgment in favor of the defendant. *Id.* On appeal, the *Jones* plaintiff argued that genuine issues of material fact existed because it was foreseeable that a deer would enter the road on that stretch of the parkway and that a jury could therefore "reasonably conclude that the defendant's failure to anticipate and avoid the collision was a breach of duty that proximately caused the plaintiff's injury." *Id.* at *3. This Court affirmed the grant of summary judgment in favor of the defendant, concluding:

> The evidence simply could not lead a jury to reasonably infer, without speculating, that a reasonable person under the same circumstances should have seen the deer and avoided the collision since there is no evidence of where the deer came from, how it got there, and, hence, whether it was ever in the defendant driver's reasonable line of sight.

*Id.*

In the instant action, Defendant acknowledges that in *Jones*, the accident occurred when the deer struck the motorcycle rather than when the driver swerved to miss the animal, as here. She asserts that this is "a distinction without a difference." Considering Plaintiff's argument fully, however, we discern this fact to be somewhat distinguishable

because in this case, Plaintiff has not asserted that Defendant failed to keep a proper lookout on the roadway but that she failed to make the safest decision for her passenger when she swerved. The problem with Plaintiff's argument is that it is based entirely on speculation and points to no facts demonstrating that Defendant's actions were negligent except that an accident occurred and that Defendant was driving. Therefore, we determine that the ultimate holding in *Jones*—that "[t]he evidence simply could not lead a jury to reasonably infer, <u>without speculating</u>, that a reasonable person under the same circumstances" would have been able to avoid the collision—does hold true for the instant action. *See id.* (emphasis added).

Moreover, Plaintiff's contention that one-hundred percent fault must be distributed between the people involved in the accident, thereby assigning one-hundred percent fault to the only driver, is untenable in this situation. As the trial court noted during the summary judgment hearing, "you can't compare negligence to a deer or a dog or whatever." When a domestic animal in a roadway leads to an automobile accident, this Court has explained that although an owner of an escaped animal may be liable for damages to another's property, the owner "is only liable where he knowingly or negligently permits [the animal's] escape or fails to recapture." *Way v. Bohannon*, 688 S.W.2d 89, 91 (Tenn. Ct. App. 1985); *see, e.g.*, *Branson v. Rucker*, No. E2020-01382-COA-R3-CV, 2021 WL 2581673, at *1 (Tenn. Ct. App. June 23, 2021) (affirming the trial court's grant of summary judgment in favor of a defendant who presented proof that he did not own a bull who had escaped into a roadway and been struck by the plaintiffs' vehicle). In contrast, the instant action does not present a case in which anyone is alleged to be responsible for the animal that ran into the roadway.

Defendant argues in part that the accident was "unavoidable." As Defendant points out, this Court has previously explained that an 'unavoidable accident' in its simplest terms is nothing more than a lack of negligence on the part of any party." *Ricketts v. Robinson*, 169 S.W.3d 642, 647 (Tenn. Ct. App. 2004) (quoting *Whitaker v. Harmon*, 879 S.W.2d 865, 870 (Tenn. Ct. App. 1994)). Such is precisely the case here inasmuch as Plaintiff has simply failed to present any evidence of a negligent act on the part of Defendant.[2]

We emphasize that "negligence is never presumed from an accident alone but must be proved by either direct or circumstantial evidence, or both." *Branson*, 2021 WL 2581673, at *1 (quoting *Moon v. Johnston*, 337 S.W.2d 464, 469 (Tenn. Ct. App. 1959)). In this case, Plaintiff has presented neither direct nor circumstantial evidence of a breach

---

[2] In defense of this appeal, Defendant has also presented an argument based in a theory that the animal's presence on the roadway was an "Act of God." Having determined that Plaintiff failed to present evidence of a negligent act at the summary judgment stage, we conclude that Defendant's "Act of God" argument is pretermitted as moot.

of duty of care on the part of Defendant. We therefore conclude that the trial court's grant of summary judgment must be affirmed because Plaintiff has presented no evidence from which a reasonable jury could find that Defendant breached her duty to Plaintiff.

V. Conclusion

For the foregoing reasons, we affirm the trial court's grant of summary judgment in favor of Defendant. We remand this matter to the trial court for collection of costs assessed below. Costs on appeal are assessed to the appellant, William Owings.

s/ Thomas R. Frierson, II_____
THOMAS R. FRIERSON, II, JUDGE